56 So.2d 412

**HOTH v. SCHMIDT et al.**
No. 38520.

Dec. 10, 1951.

Rehearing Denied Jan. 14, 1952.

Charles E. de la Vergne, James R. Mary, New Orleans, for plaintiff-appellant.

R. A. Dowling, New Orleans, for defendants-appellees.

PONDER, Justice.

The plaintiff has appealed from a judgment sustaining an exception of no cause of action and dismissing her suit.

The plaintiff, Miss Ethel Hoth, brought suit against Mrs. Julia Schmidt Pascual, wife of Edward A. Pascual, Edward A. Pascual and Victor Clesi Realty, Inc., seeking to recover double the amount she had deposited in a contract to purchase real estate and attorney's fees, and to recover from the real estate corporation the amount of the deposit. The defendants interposed an exception of vagueness and the plaintiff amended her petition alleging that she had entered into a contract to purchase the real estate on or before October 8, 1945; that while her attorney was examining the title to the property the defendants made overtures to her with the view of paying a cash sum to cancel the contract; that, pending these negotiations, the date, October 8, 1945, for taking title by the contract, had passed and that she had refused to accept a final offer made by the defendants to cancel the contract; that immediately thereafter she and her notary attempted

on three occasions to secure title from the defendants, which was refused; that the delay in her having the act of sale formally fixed for passage was caused entirely by the acts of the defendants in their attempts to effect a cancellation of the contract prior to and after October 8, 1945; that she has made every effort to secure title to the property and is still willing to purchase it under the terms fixed by the contract. The defendants excepted to the petition on the ground that it disclosed no cause of action, which was sustained by the lower court and the plaintiff's suit was dismissed. The plaintiff has appealed.

It appears from the allegations of the petition that the time fixed in the contract for the passage of the title had elapsed when the plaintiff demanded the transfer of the property. No extension of the time was specifically granted by the defendants or reduced to writing.

A promise or option to sell real estate is not valid unless given in writing. Consequently, an extension of the time stipulated in a written promise or option to buy or sell real estate must be in writing. See Di Cristina v. Weiser, 215 La. 1115, 42 So.2d 868. The plaintiff, having failed to place the defendants in default, prior to the expiration of the time fixed in the contract, without securing an extension of the time in writing, cannot thereafter recover the deposit and penalty for the reason that under the terms of the contract the purchaser cannot recover the deposit or

demand the return of double the same, unless the vendor refuses to comply with the contract within the time specified. It is provided in the contract that, in event the purchaser fails to comply with the agreement within the time specified, the vendor has the right to declare the deposit forfeited without placing the purchaser in default. It is only where the vendor refuses to comply with the agreement within the time specified that the purchaser has the right to demand the return of double the deposit under the plain provisions of the contract. A copy of the contract was annexed to and made a part of the petition and its provisions were considered in disposing of the exception.

For the reasons assigned, the judgment is affirmed at appellant's cost.